# Exhibit C

jh

5421

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    -------------------------------x

 3    UNITED STATES OF AMERICA

 4              v.                      83 Cr. 150 (MP)

 5    GUY THOMAS FISHER, et al.,

 6                    Defendants.

 7    -------------------------------x

 8
                                       November 21, 1983
 9                                     9:00 a.m.

10

11

12              (Trial resumed)

13              (Jury deliberations resumed)

14              (At 1:50 p.m. a note was received from the jury)

15              (In open court; jury present)

16              (Court's Exhibit 126 was marked for

17    identification)

18              THE COURT:  The court received the following

19    communication:

20              "Dear Judge Pollack:

21              "Please send in a fresh copy of the verdict

22    sheet.  The jury has reached a verdict."

23              Mr. Forman, has the jury reached a verdict?

24              THE FOREMAN:  Yes, your Honor, the jury has

25    reached a verdict.
```

jh

5422

1              THE COURT:  Hand it to the clerk.

2              May I suggest, Mr. Forman, that you take this

3     fresh form and omit the signature, other than the word

4     "Forman," and then return both copies to me.

5              THE FOREMAN:  Can I have a witness with me when

6     I fill this out, one of the jurors come with me?  Should I

7     fill it out here?

8              THE COURT:  Yes, you can do it right here.  I

9     will have both copies.

10             Could I suggest, Mr. Forman, that you just go

11    into my robing room, where you will be comfortable, and use

12    the desk there.

13             THE FOREMAN:  All right.

14             THE COURT:  Juror No. 2, would you assist,

15    please.

16             (Pause)

17             THE COURT:  May I suggest that each member of

18    the jury please examine both of these.  You will understand

19    exactly why I sent for a clean copy.

20             The only change is on the last page, the last

21    line.

22             (Pause)

23             THE COURT:  The clerk may proceed to read the

24    verdict.

25             THE CLERK:  Ladies and gentlemen of the jury,

jh

5423

1    listen to your verdict.  You say you find as follows:

2              Count 1:  Guy Thomas Fisher, guilty; Frank

3    Alphonso James, guilty; Wallace Rice, guilty; Ishmael

4    Muhammed, guilty; Thomas Forman, guilty; Elmer Thomas

5    Morris, guilty; James Wheelings, guilty; Kenny Thomas,

6    guilty.

7              Count 2:  Guy Thomas Fisher, guilty.

8              Count 3:  Frank James, guilty.

9              Count 4:  Wallace Rice, guilty.

10             Count 5:  Ishmael Muhammed, guilty.

11             Count 6:  Thomas Forman, not guilty.

12             Count 7:  Guy Fisher, guilty.

13             Count 8:  Frank James, guilty; Wallace Rice,

14   guilty.

15             Count 9:  Frank James, guilty.

16             Count 11:  Elmer Thomas Morris, guilty.

17             THE COURT:  For distribution.

18             THE CLERK:  For distribution.

19             THE COURT:  Read that again, Mr. Clerk.

20             THE CLERK:  Count 11:  Elmer Thomas Morris,

21   guilty for distribution.

22             Count 10:  Frank James, guilty.

23             Count 12:  Elmer Thomas Morris, guilty.

24             Count 13:  Guy Thomas Fisher, guilty; Frank

25   Alphonso James, guilty; Wallace Rice, guilty; Ishmael

jh

5424

1    Muhammed, guilty; Thomas Forman, guilty; Elmer Thomas

2    Morris, guilty; James Wheelings, guilty; Kenneth Thomas,

3    guilty.

4            Count 14:  Guy Thomas Fisher, guilty; Frank

5    Alphonso James, guilty; Wallace Rice, guilty; Ishmael

6    Muhammed, not guilty; Thomas Forman, not guilty; Elmer

7    Thomas Morris, guilty; James Wheelings, guilty; Kenneth

8    Thomas, not guilty.

9            Count 15:  Guy Thomas Fisher, not guilty; Frank

10   Alphonso James, not guilty; Wallace Rice, not guilty;

11   Ishmael Muhammed, not guilty; Thomas Forman, not guilty;

12   Elmer Thomas Morris, not guilty; James Wheelings, not

13   guilty.

14           (Each juror, upon being asked "Is that your

15   verdict," responded in the affirmative)

16           THE COURT:  Now, ladies and gentlemen of the

17   jury, at this stage of the proceedings in the trial of this

18   case, there is one additional auxiliary task which we must

19   impose on you.  This will require that you retire to the

20   jury room once again to return a special verdict on a form

21   which which I have handed to you.

22           What you must now decide is whether those named

23   defendants whom you have found guilty under counts 3

24   through 6, 13 and 14, must forfeit property which they

25   acquired as part of the continuing criminal enterprise

jh

5425

1    and/or racketeering violations by them.

2         The law is that:

3         "Any person who is convicted of engaging in a

4    continuing criminal enterprise shall forfeit to the United

5    States (A) the profits obtained by him in such enterprise,

6    and (B) any interest in, or property or contractual rights

7    of any kind affording a source of influence over, the

8    enterprise."

9         That is the law in the narcotic drug count.

10        The antiracketeering statute also provides that:

11        "Whoever violates any provision of Section 1962

12   of this chapter shall forfeit to the United States (1) any

13   interest he has acquired or maintained in violation of

14   Section 1962, and (2) any interest in, or property or

15   contractual right of any kind affording a source of

16   influence over, any enterprise which he has established,

17   operated, controlled, conducted, or participated in the

18   conduct of, in violation of Section 1962."

19        The specific properties alleged to be subject to

20   forfeiture to the United States under this provision are

21   set out for you in the special verdict form I gave you.

22        In this respect, before you can return a special

23   verdict forfeiting property to the United States, you must

24   unanimously find beyond a reasonable doubt:

25        First, as to the property sought to be forfeited

jh

1   under the Section 848 continuing criminal enterprise counts,

2   3, 4, 5 and 6, that those convicted under those four counts,

3   the property forfeitable is derived from the profits of or

4   was used in the continuing criminal enterprise which has

5   been established by your principal verdict, as involved in

6   the manufacture or distribution of narcotic drug controlled

7   substances.

8           You may find such property is forfeitable, but

9   you do not have to.

10          You will recall that the government contended

11  that the evidence showed that Forman's residence and one of

12  Rice's apartment buildings were used in connection with

13  meetings or transactions related to narcotics distribution

14  or other criminal activity charged.

15          Second, as to the property sought to be

16  forfeited under the Section 1963 antiracketeering counts 13

17  and 14, you must unanimously find beyond a reasonable doubt

18  that those convicted under either of those two counts,

19  either 13 or 14, the source of the property forfeitable is

20  traceable from income from a pattern of racketeering

21  activity and was used in an illegal enterprise the

22  activities of which affect interstate commerce.

23          You may find such property is forfeitable, but

24  you do not have to.

25          The government contended that the evidence

jh

5427

1    showed, but you must find beyond a reasonable doubt, that

2    certain of the properties were held for convenience of the

3    defendants in the names of third parties.  For instance, as

4    to the defendant Rice, the house at 175 Kingsbridge Road is

5    actually registered in the names of Marion Williams and

6    Natalie Williams, the sister-in-law and wife, respectively,

7    of defendant Rice.

8              Other properties were, according to the evidence,

9    registered in the names of corporate entities which the

10   government contends, according to the evidence, are owned

11   by the defendants.

12             As to the defendant Wheelings, you may, if you

13   wish, but you need not, disregard such third-party claims

14   of ownership if you find that the property in question was

15   acquired or maintained with profits or proceeds derived

16   from the enterprise charged in counts 13 and 14.  This is

17   because the right to any such property is vested in the

18   United States government at the moment that the properties

19   were acquired or maintained by ways of the illegal acts

20   prohibited by these statutes.

21             Your sole task is to decide if these properties,

22   regardless of whose name in which they are now held, were

23   acquired through drug profits and/or acquired or maintained

24   with the profits or proceeds derived from racketeering

25   activities and whether they should or should not be

1   forfeited.

2          I will deliver to each juror a copy of these

3   instructions so that you can follow them along with the

4   verdict sheet that you have before you.  After I do that I

5   want to take a moment to talk to the lawyers to see whether

6   there is anything they wish to call to my attention on

7   which I may have misspoken or made an error.

8          Now, in giving this to you I want to underscore

9   and emphasize what appears on the first page of these

10  instructions, and I repeat:

11         What you must now decide is whether those named

12  defendants whom you have found guilty under counts 3

13  through 6, 13 and 14, must forfeit property.  Anybody whom

14  you did not find guilty under those counts, of course, is

15  not in the position of being required to forfeit anything.

16  It's only those who have been found guilty under those

17  particular counts who may or may not, according to your

18  determinations, based upon the evidence beyond a reasonable

19  doubt, be required to forfeit anything.

20         Now, if you will just relax in your seats.

21         Is there anything that any counsel for the

22  defendants wishes to call to my attention?

23         MR. DePETRIS:  Could we see the special verdict

24  sheet?

25         THE COURT:  The form?

jh                                                                          5429

1          MR. DePETRIS:  Yes, your Honor.

2          THE COURT:  That form, I should say, gentlemen,

3     is the same as the form that you had in the blue-backed

4     cover of the papers that were delivered to you yesterday.

5              (Court's Exhibit 127 was marked for

6     identification)

7              THE COURT:  The lawyers would like to see me

8     briefly, and instead of the jurors sitting out here while

9     that occurs, why don't you retire to the jury room for a

10    few minutes, and then I will have you back if there are any

11    supplemental instructions.  You may take the forms with you

12    in the meantime.

13             (Jury excused)

14             THE COURT:  All right, gentlemen.

15             (In the robing room)

16             THE COURT:  Just let me say for the benefit of

17    all of you that the form that reached me originally had the

18    true name of the forman, and for the same reasons as have

19    applied heretofore I asked him to resubmit a different form

20    just with the word "Forman" on it instead of his true name.

21    This, of course, will become part of the archives of the

22    court, so that you can see that it's identical with the one

23    that was read.  I myself compared it to make sure of that

24    in the first place.

25             Now, let me hear about the supplemental

jh

5430

1    instructions from the counsel for the defendants.

2           MR. DePETRIS:  Judge, the reason I had requested

3    that we see the court for a moment, it's my understanding

4    of the forfeiture that there are different elements for a

5    finding of forfeiture under RICO as opposed to 848.

6           THE COURT:  That appears from the fact that I

7    read the statutes to them.

8           MR. DePETRIS:  I understand.  But Judge, the

9    special verdict form does not indicate whether they are

10   forfeiting it under the 848 or they are forfeiting it under

11   the RICO, and I think there should be that separate

12   determination by the jury.

13          THE COURT:  In this case, can it conceivably

14   make any difference to anybody but Wheelings?

15          MR. LOPEZ:  And Forman.  Forman was acquitted of

16   the 848.

17          THE COURT:  Therefore, if he is forfeiting

18   anything he could only be forfeiting under 13.

19          MR. LOPEZ:  Right.

20          MR. DePETRIS:  So you don't have the issue.

21          MR. LOPEZ:  As long as the jury understands the

22   difference of forfeiting under 848, where he is acquitted,

23   and forfeiting under RICO.

24          THE COURT:  I think that they should understand

25   it after having read my lucid explanation, which took me a

jh

5431

1    whole day yesterday to try to put together in English words.

2    I really don't think it applies to Forman, other

3    than the possibility I may call their attention to the fact

4    that the forfeiture provisions apply to Forman only in

5    respect of count 13.

6    MR. LOPEZ:  Right.  That's satisfactory.

7    THE COURT:  And the forfeiture provisions as to

8    all the others will apply either to 848 or count 14, and

9    you really don't have to except 13 in that circumstance.

10    Now, under those circumstances, is it really

11    necessary, in your view, since the basis for the forfeiture

12    under 3, 4, 5 and 6 and 13 and 14 requires in each instance

13    that the source be the tainted source, traceable into the

14    property?  What difference does it make whether you label

15    the result 848 or 1963?

16    Now, what I have done here I think is to give

17    the defendants a benef   which I have not found to exist in

18    the cases, giving this jury the option to forfeit or not to

19    forfeit, when the statute might be read to compel a

20    forfeiture on a finding that the property is in that

21    category.  Under my charge, even if it's in the proper

22    category, the jury can balk and say "We won't forfeit it."

23    MR. DePETRIS:  I understand that was your

24    Honor's charge.

25    THE COURT:  That explains my charge.  If there

jh                                                                    5432

1      is any further comment, let me know.

2             MR. HEINEMANN:  Your Honor, forgive me for not

3      having followed completely, but is it explained that the

4      only basis for the forfeiture as to Wheelings is the RICO

5      count or is there an overlap with any other grounds -- of

6      course, he was not even named in the 848 count -- in your

7      charge.

8             THE COURT:  I will charge the only basis of

9      forfeiture as to Forman is the RICO conspiracy charge and

10     the only basis of forfeiture as to Wheelings is the RICO

11     conspiracy and substantive charge.

12            As to the others found guilty under counts 3, 4

13     and 5, the basis of forfeiture is either the continuing

14     criminal enterprise drug related charge or the RICO counts

15     relating to a racketeering enterprise.

16            Does that take care of Mr. Forman and Mr.

17     Wheelings, in the first instance?

18            MR. HEINEMANN:  I believe it does, your Honor.

19            MR. LOPEZ:  Yes.

20            THE COURT:  Is it not correct, Mr. DePetris,

21     that as to the others found guilty under counts 3, 4 and 5

22     and 13 and 14 the basis of forfeiture is either the

23     continuing criminal enterprise drug related charge or the

24     RICO counts relating to a racketeering enterprise, without

25     need of any separation, in view of the fact that the source

jh                                                                    5433

1     must come from a tainted source?

2              MR. DePETRIS:  I think that's true, Judge.  I am

3     trying to picture it in my mind.  For example, with respect

4     to Mr. Rice, with regard to the properties, they could find

5     that the property was not purchased with narcotics proceeds,

6     but could find on the basis of Mr. Rice's testimony that

7     with regard to one of the properties, he received telephone

8     calls there, and on that basis it would facilitate the

9     enterprise, so they could forfeit it in that manner.

10             But I guess they could do that really under

11    either of the two counts.  So maybe it doesn't make any

12    difference.  I am not sure, Judge.  It's confusing.

13             THE COURT:  The government, do you have some

14    amendments to my charge?

15             MR. ROMANO:  The only additional language we

16    would have asked is what I have written into that copy that

17    you have, your Honor.

18             THE COURT:  I am not going to do that.  It's

19    sufficiently obtuse now.

20             MR. ROMANO:  Fine.

21             THE COURT:  Is there anything else, gentlemen?

22             MR. HEINEMANN:  Is the government going to sum

23    up, your Honor?  I just wanted to know.

24             THE COURT:  No further summations.  Summations

25    are closed.  This is a special verdict based on the

jh

5434

1   summations.

2          All right.  Let's go back.

3          (In open court; jury present)

4          THE COURT:  Ladies and gentlemen of the jury, I

5   am reminded to tell you, in considering the special verdict,

6   that the only basis of forfeiture as to Forman is his

7   conviction on the RICO conspiracy charge, that the only

8   basis of forfeiture as to Wheelings is the RICO conspiracy

9   and substantive charge.

10          As to the others found guilty under counts 3, 4,

11   5 and 13 and 14, the basis of forfeiture is either the

12   continuing criminal enterprise drug related charge or the

13   RICO counts relating to a racketeering enterprise.

14          So that the thing for you to keep in mind is

15   that the two exceptions are any forfeiture as to Forman

16   would only be based on the RICO conspiracy charge, any

17   forfeiture as to Wheelings can only be based on the RICO

18   conspiracy and substantive charge.  As to the others, it

19   could be on either the drugs or the RICO charge.

20          I hope that after you have had a chance to study

21   the instructions that accompany the special verdict this

22   will be clear to you.

23          Thank you very much.  You may go out and

24   deliberate.

25          (Jury excused)

jh                                                                          5435

1                    THE COURT:  We stand in recess.

2                    (Recess)

3                    (In open court; jury present)

4                    THE COURT:  Mr. Forman, have you agreed upon a

5        verdict?

6                    THE FOREMAN:  Yes, we have, your Honor.

7                    THE CLERK:  Ladies and gentlemen of the jury,

8        listen to your verdict.  You say you find as follows:

9                    You say that none of the property is to be

10       forfeited.

11                   (Each juror, upon being asked "Is that your

12       verdict," responded in the affirmative)

13                   THE COURT:  Ladies and gentlemen, that completes

14       this vacation that I promised you right at the start back

15       there on October 11.  It doesn't seem that we have been

16       together that long.  It seems much shorter.  And yet day by

17       day, it was a long experience.

18                   Each one of you is to be congratulated for the

19       public service and the performance of your civic duty.  You

20       paid attention to the case.  Your interest didn't flag.

21       Like good, substantial, solid citizens, you were never lax

22       in the matter of getting in early and staying late, beyond

23       the call of any other type of occupation.  You considered

24       the subject matter of the case carefully, as reflected by

25       your verdicts.

jh

5436

1          It's for the jury to humanize verdicts, as you

2     have done with this special verdict, where you believe that

3     is appropriate, regardless of the fact that beyond a

4     reasonable doubt, beyond any reasonable doubt, your

5     verdicts were correct, and in those cases where your

6     verdicts were not guilty, they are thoroughly

7     understandable and appropriate for jury consideration.

8          The guilty verdicts were unerringly dictated by

9     a massive collection of evidence that was put together here

10    in the interests of yourselves and all other good people in

11    the community, where this type of conduct has to be dealt

12    with and characterized as you have done it.

13         Now, a word as to the future.  Your services are

14    finished.  You will all be taken back to your abodes.  I am

15    sure that Mr. Willie will see to it that you get your

16    supper if you want it, and you certainly will be escorted

17    home and your belongings taken to your respective places.

18         In a case such as this, of its importance, there

19    are very often curiosity seekers who have something to sell

20    and want to know whether you can furnish them with any

21    information that they can retail.  That's their business,

22    and they can conduct their business and should conduct

23    their business openly and freely.

24         However, you are under no obligation to anybody

25    about anything that you did, that occurred, why, when and

jh                                                                        5437

1    wherever.  You are entitled to your peace of mind and your

2    anonymity.  I have tried all during this case to maintain

3    your privacy in the best possible way.

4              I am not going to instruct you not to talk to

5    people.  I think people should decide those things

6    according to their own judgment and common sense.  But you

7    must realize that other people listening to a story have a

8    way of converting it to their own understanding.

9              They weren't in court.  They didn't hear the

10   evidence.  They are not entitled to know what the processes

11   of the jury are or were, unless you wish to reveal them.

12   You can't sell them as your memoirs, because that would be

13   not a nice thing to do.  But this is a country of free

14   speech and First Amendments and you are entitled to speak

15   out or up any way you want.

16             However, my caution to you is that my long

17   experience in the courthouse, which goes over half a decade,

18   is that the only way that people find themselves

19   embarrassed and harassed and annoyed and subjected to

20   applause and to criticism is when they begin to reminisce

21   or talk about their experiences.

22             Nobody need know any more than what the public

23   already knows.  A verdict was handed down.  That's it.  My

24   caution to you is to think twice about anybody who

25   approaches you for any reason whatsoever.

jh
5438

1           If you feel impelled to have any assistance, the

2   court and its officers will stand by to stop any unwanted

3   approaches or experiences.  All you need to do is to call

4   the court -- and the telephones are in the telephone books --

5   and we will do whatever is appropriate under the

6   circumstances, should you so wish us to help you maintain

7   your anonymity, your privacy and your peace of mind.

8           You go with the thanks of the court for your

9   devoted and loyal services, and God bless you all.

10          (Jury excused)

11          THE COURT:  A presentence report will be ordered

12  here, and the date of sentence is fixed for January 12,

13  1984, at 9:30 a.m., in this courtroom.

14          In view of the fact that the bail status of the

15  defendants remains the same, there is no need now to make

16  any inquiry about bail applications, and all defendants are

17  remanded accordingly.

18          I think that the defendants should make whatever

19  motions they have in mind for the protection of the record.

20          Mr. Gombiner.

21          MR. GOMBINER:  Your Honor, the only motion I

22  have to make at this point, especially in view of the

23  acquittal on the conspiracy to murder government witnesses,

24  I would ask that you reconsider the amount that bail has

25  been fixed at.

jh                                                                    5439

1              And as Mr. Moriarity has reminded me, for the

2      protection of the record, I would also move that the

3      conspiracy count against Mr. Fisher, the 848 count against

4      Mr. Fisher, the sale of heroin count against Mr. Fisher and

5      the two RICO counts against Mr. Fisher be dismissed in that

6      they were against the weight of the evidence.

7              THE COURT:  Motion denied.

8              Mr. Moriarity.

9              MR. MORIARITY:  Your Honor, on behalf of Mr.

10     James, I would equally request that all the counts of which

11     Mr. James was found guilty be dismissed as being against

12     the weight of the evidence, and I would stand on the record

13     for my motion.

14             THE COURT:  The motion is denied.

15             Mr. DePetris.

16             MR. DePETRIS:  Yes, your Honor.  I would make a

17     similar application with regard to Mr. Rice as to the

18     counts that he is named in, and I will ask, your Honor,

19     with regard to the 848, that I be permitted to reserve and

20     file a motion between now and the date of sentence, within

21     ten days before the date of sentence.

22             THE COURT:  A motion to what effect?

23             MR. DePETRIS:  With regard to it being against

24     the weight of the evidence as to the 848 count.

25             THE COURT:  That motion then really is a test of

1    the facts and that motion is denied.

2          Mr. Fallick.

3          MR. FALLICK:  Your Honor, I make a similar

4    application on behalf of Mr. Muhammed.

5          THE COURT:  Motion denied.

6          MR. LOPEZ:  A like application as far as Forman

7    is concerned as to the two counts that he is convicted of.

8          THE COURT:  Motion denied.

9          MR. GEDULIG:  The same application that my

10   cocounsel has made on behalf of Mr. Morris.

11         THE COURT:  Motion denied.

12         MR. HEINEMANN:  Your Honor, may I reserve

13   motions until ten days before sentence and submit them in

14   writing?

15         THE COURT:  No.  You have seven days within

16   which to make motions.  But what motions do you have in

17   mind?  If they are motions addressed to the facts I will

18   deal with them right now.  Is there any constitutional

19   question that you want to raise?

20         MR. HEINEMANN:  I don't believe so, your Honor.

21   I would make two motions, to grant judgment to Mr.

22   Wheelings notwithstanding the verdict as against the weight

23   of the evidence on counts 1, 13 and 14, and also that your

24   Honor vacate or grant judgment to Mr. Wheelings on count 1

25   as merged into count 13.

jh                                                                    5441

1          THE COURT:  Well, the latter motion is a matter

2     that should be addressed to the question of sentencing --

3     and you better look up the law on that subject -- and I

4     will deal with it at that time.

5          Since all your motions appear to relate to

6     questions of fact, those motions are denied.

7          MR. SERCARZ:  Your Honor, I join in the motions

8     of all prior counsel and I would move for a judgment of

9     acquittal as to the defendant Thomas with regard to counts

10    1 and 13, the two conspiracy counts, particularly in light

11    of his acquittal on the substantive RICO count, count 14.

12         THE COURT:  The motion is denied.

13         I believe that that completes the subject matter.

14    Thank you all for the care and attention with which you

15    presented the case.  With minor exceptions, it was a highly

16    well-tried professional effort on the part of all counsel,

17    and I congratulate you all and thank you all.

18         The facts are the facts, and those are matters

19    for the jury to pass upon.

20         (Pause)

21         MR. FARDELLA:  I have Mr. Sercarz here with me

22    on behalf of all defense counsel and I just would like to

23    place in the record that pursuant to a previous court

24    exhibit, the government represented that it was making a

25    search of any handwritten notes which might exist regarding

jh

5442

1    interviews of Calvin Glenn by Ruth Higgs or Mary Buckley.

2            That search was made at the time, during the

3    presentation of the government's case, but I neglected to

4    put on the record at the time that it disclosed the

5    existence of no such notes.

6            MR. SERCARZ:  I am present and I have heard the

7    statements of Mr. Fardella and I will make them available

8    to all defense counsel.

9            (Court adjourned)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25